UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Leon and Linda DeVisser</u>
<u>and Devisser Properties, LLC</u>

    v.                          Civil No. 03-cv-479-JD

<u>Koji Goto, et al.</u>

<u>O R D E R</u>

The plaintiffs filed a motion to lift the stay that was imposed in response to a notice that defendant Koji Goto had filed for relief under the Bankruptcy Code, but only as to defendant Daniel Muskat.  The plaintiffs represent that they moved to partially lift the stay in <u>In Re: Koji Goto</u>, 04-13739-JMD (Bankr. D.N.H. 2004), which the court denied on the ground that the stay did not apply to Muskat.  The plaintiffs also represent that counsel for defendant Shaleen Cassily assented to their motion here and that counsel for Muskat and for Goto were contacted but did not reply.  No defendant has filed a response to the plaintiffs' motion.

Absent unusual circumstances, the automatic stay imposed in response to a bankruptcy court action, pursuant to 11 U.S.C. § 362(a), does not apply to non-debtor co-defendants in a civil suit that does not involve the bankruptcy estate.  <u>See</u>, <u>e.g.</u>, <u>Queenie, Ltd. v. Nygard Int'l</u>, 321 F.3d 282, 287 (2d Cir. 2003); <u>Seiko Epson Corp. v. Nu-Kote Int'l, Inc.</u>, 190 F.3d 1360, 1364 (Fed. Cir. 1999); <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994 (4th

Cir. 1986); Austin v. Unarco Indus., Inc., 505 F.2d 1, 4-5 (1st Cir. 1983). Therefore, unless unusual circumstances pertain here, claims against defendants who are not protected by the automatic stay imposed by the bankruptcy court may proceed.

Based on the plaintiffs' representation, the automatic stay issued in response to Goto's bankruptcy filing does not apply to Muskat. It is not clear whether the automatic stay applies to defendant Cassilly. It is also not clear whether the case may proceed against some but not all of the defendants, for example, whether the plaintiffs intend to sever their action against Muskat from their claims against Cassilly and Goto. Therefore, the plaintiffs shall file a memorandum **on or before January 20, 2006,** addressing the issue of whether and in what manner this case might proceed against only Muskat, which is apparently the relief they request in their motion. The defendants are ordered to file responses to the memorandum **on or before February 3, 2006.**

SO ORDERED.

                                                                            /s/ Joseph A. DiClerico, Jr.
                                                                            Joseph A. DiClerico, Jr.
                                                                            United States District Judge

January 11, 2006

cc: William S. Gannon, Esquire
    Steven M. Gordon, Esquire
    John Paul Kacavas, Esquire
    Luch J. Karl, Esquire
    Arthur W. Perkins, Esquire
    Gregory W. Swope, Esquire