```
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE
```

Leon and Linda DeVisser
and DeVisser Properties, LLC

    v.                               Civil No. 03-cv-479-JD

Koji Goto, et al.

PROCEDURAL ORDER

The plaintiffs moved to lift the stay that was imposed in response to notice that defendant Koji Goto had filed for relief under the Bankruptcy Code. On January 11, 2006, the court directed the plaintiffs to file a memorandum addressing the issue of whether and in what manner this case might proceed against defendant Daniel Muskat alone and addressing the status of defendant Shaleen Cassily. The plaintiffs then filed a motion to sever; Muskat filed a late objection to the plaintiff's motion to lift the stay; the plaintiffs filed a response to the court's order of January 11; Muskat objected to the plaintiffs' motion to sever, and Muskat filed a memorandum in response to the plaintiff's response to the court's January 11 order.

Muskat also filed a separate action in this court to address his motion in the bankruptcy court to withdraw the reference of that proceeding. The adversary proceeding was brought by Muskat against Goto, seeking a ruling that Goto's obligations to Muskat

were not dischargeable in Goto's bankruptcy case.  No response has been filed in Muskat's separate action filed in this court.

Based on Muskat's responsive memorandum and the supporting record he filed from the bankruptcy court, Muskat filed a motion in Goto's bankruptcy case, asking the bankruptcy court to lift the stay to allow him to litigate the factual issues in his adversary proceeding and in his cross claims against Goto here. Muskat represented that he was not seeking relief from Goto, the bankruptcy estate, or the trustee in either proceeding.  In a separate pleading, Muskat asked the bankruptcy court to withdraw the reference of his adversary proceeding.  The bankruptcy court granted Muskat's motion to lift the stay and, in a report and recommendation, agreed that the reference of his adversary proceeding should be withdrawn.

28 U.S.C. § 157(d) provides for both discretionary and mandatory withdrawal:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Muskat does not contend that "other laws of the United States regulating organizations or activities affecting interstate

2

commerce" are at issue in the adversary proceeding.  Id.
Therefore, the reference may be withdrawn if the motion was
timely and if cause was shown for doing so.

Muskat's complaint in the bankruptcy adversary proceeding alleges that Goto's obligations to Muskat are not dischargeable in bankruptcy due to fraud, conversion, and intentional misrepresentation.  11 U.S.C. § 523(a)(2), (4), & (6).  His cross claim against Goto in this case alleges claims of fraud, conversion, intentional and negligent misrepresentation, and detrimental reliance against Goto and Epic NH and a claim of fraudulent conveyance against Goto and Shaleen Cassily.  The bankruptcy court recommended that the reference of the adversary proceeding be withdrawn because Muskat's motion was timely filed and withdrawal would serve the interests of judicial economy.

After reviewing the record and the bankruptcy court's report and recommendation and in the absence of any objection filed by the other parties in this case, the court agrees that the reference of the adversary matter should be withdrawn.  The bankruptcy court's report and recommendation is approved.  The adversary proceeding is withdrawn from the bankruptcy court and is consolidated into this case.  The separate action filed by Muskat, Civil No. 06-019, is terminated, and the clerk of court shall close the case.

Given the changed circumstances in this case, the plaintiffs' motion to sever is terminated without prejudice.  The plaintiffs shall file a response **on or before March 24, 2006,** to Muskat's responsive memorandum regarding the stay, docket number 74, addressing the effect in this case of the bankruptcy court's decision granting a limited lift of the stay.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 16, 2006

cc:  William S. Gannon, Esquire
     Steven M. Gordon, Esquire
     John Paul Kacavas, Esquire
     Lucy J. Karl, Esquire
     Arthur W. Perkins, Esquire
     Gregory W. Swope, Esquire