```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Leon and Linda DeVisser
and DeVisser Properties, LLC

    v.                                      Civil No. 03-cv-479-JD

Koji Goto, et al.


O R D E R

Leon and Linda DeVisser and DeVisser Properties, LLC, ("the DeVissers") brought suit against Koji Goto, his investment funds, his wife, and a business associate, Daniel Muskat, after Goto stole the money the DeVissers invested with him. Default has been entered against Goto, and the claims against the defendants other than Daniel Muskat have been resolved. Muskat moves for judgment on the pleadings, and the DeVissers object.


Standard of Review

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss. Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded

factual averments as true and draw all reasonable inferences in her favor." <u>Feliciano v. Rhode Island</u>, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" <u>Santiago de Castro v. Morales Medina</u>, 943 F.2d 129, 130 (1st Cir. 1991) (quoting <u>Rivera-Gomez v. De Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988)).

<u>Discussion</u>

The only claim the DeVissers allege against Muskat is negligent misrepresentation. "The elements of that cause of action are a negligent misrepresentation of a material fact by the defendant and justifiable reliance by the plaintiff." <u>Snierson v. Scruton</u>, 145 N.H. 73, 78 (2000). A misrepresentation is negligent if the defendant volunteered information to the plaintiff, who did not have equal knowledge, intending that the plaintiff would rely on the information, without using reasonable care to verify the truth of the information provided. <u>Id.</u>

Muskat contends that the DeVissers failed to allege a negligent misrepresentation claim against him, raising a variety of issues with the claim as it is pled. He cites some of the DeVissers' allegations that he asserts do not constitute

misrepresentations. He argues that other alleged statements made by him are not actionable because they are merely opinions, hopes, expectations, or expressions of future intent. He also argues that negligent misrepresentation is only actionable when a "special relationship" existed between the plaintiff and the defendant at the time the contested statements were made and asserts that no such relationship existed here. Muskat further contends that disclaimers and notifications in the Confidential Private Placement memorandum provided by Epic to the DeVissers bar their claim against him.

In support of their misrepresentation claim, the DeVissers allege that Muskat "made certain representations related to the qualifications, experience and performance of investments in Epic LP, that funds invested through Goto would be deposited into Epic LP, that funds invested through Goto were receiving returns in excess of 15%, and that the funds invested by plaintiffs with Goto were producing excellent returns." Am. Compl. ¶ 93. They further allege that they would not have invested any money with Goto if Muskat had not made those misrepresentations, but based on Muskat's advice, they invested a total of $1 million. They contend that contrary to Muskat's positive representations about Goto and Epic, their money was not invested, as Muskat told them it was, but instead was stolen by Goto.

A.   <u>Allegations of Misrepresentations</u>

Taking those allegations as true, Muskat told the DeVissers that Goto would invest their money in Epic, that their money was invested through Epic, and that their investment was doing very well.  The truth was that their money was not invested at all but instead was stolen by Goto.  Other statements made by Muskat about Epic, Goto, and the DeVissers' investment may also have been misrepresentations, but more is not needed to state the claim.

B.   <u>Special Relationship</u>

Muskat contends that a special relationship must have existed between him and the DeVissers before he would have had any duty of reasonable care in making statements to them.  Under New Hampshire law, however, "'[i]t is the duty of one who volunteers information to another not having equal knowledge, with the intention that he [or she] will act upon it, to exercise reasonable care to verify the truth of his [or her] statements before making them.'"  <u>Snierson</u>, 145 N.H. 78 (quoting <u>Patch v. Arsenault</u>, 139 N.H. 313, 319 (1995)).  The DeVissers alleged that Muskat called them to solicit their investment in Epic, representing  himself as the senior vice president at Epic and volunteering information about Goto, Epic, and the strength of

4

the investment opportunity.  Taking those allegations in the light most favorable to the DeVissers, they allege enough to show a duty owed to them by Muskat based on his superior knowledge of Goto and Goto's operation of Epic.

C.  Disclaimers

Muskat further argues that certain disclaimers and directions provided in the Confidential Private Placement Memorandum provided to the DeVissers prior to their investment in Epic LP bars the claim.  He contends that the Memorandum warned the DeVissers that no one was authorized to make representations on behalf of Epic that were not contained in the Memorandum and provided a procedure to confirm that investments were deposited in the Epic fund, which the DeVissers did not follow.

With respect to the disclaimer as to representations made by others about Epic, the DeVissers are correct that they are not charging Muskat with negligently misrepresenting Epic's performance.  Because the DeVissers' money was never invested in Epic, its actual performance, good or bad, is not material to their claim.  Instead, the DeVissers allege that Muskat misrepresented the safety and efficacy of their investment through Goto and thereafter misrepresented the status of an investment that was never made.  The risk factors listed in the

5

Memorandum and cited by Muskat do not include the risk of having your money stolen by a member of the management team.  Although the DeVissers may not have followed the Memorandum's instructions for sending and confirming their investments, they did confirm with Goto, Epic's Managing Director, that their money had been received.  Therefore, the DeVisser's failure to follow the Memorandum instructions to the letter does not bar the claim at this stage.

## Conclusion

For the foregoing reasons, the defendant's motion for judgment on the pleadings (document no. 86) is denied.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

September 6, 2006

cc:  Steven M. Gordon, Esquire
     Lucy J. Karl, Esquire
     Geraldine L. Karonis, Esquire
     Gregory W. Swope, Esquire
     Koji Goto, pro se
     US Bankruptcy Court – NH, Clerk